## A89A2069. THORNTON et al. v. AMERICAN HOME ASSURANCE COMPANY.
(392 SE2d 43)

COOPER, Judge.

Andreas and Margaret Anne Gruentzig died simultaneously in a plane crash in which Dr. Gruentzig was the pilot and Mrs. Gruentzig was a passenger. While both decedents were insured under an accidental death insurance policy obtained by the Emory University Clinic in which Dr. Gruentzig was a partner, death benefits were paid

only for Mrs. Gruentzig since the policy excluded coverage for death while piloting an airplane. Her failure, however, to designate a beneficiary triggered the payment of claims provision which dictated that payment be made to the "estate of the insured person." When the estates of both decedents sought the benefits due on account of Mrs. Gruentzig's death, the insurance company filed an interpleader and tendered the insurance policy proceeds into the court registry. This appeal follows the trial court's construction of the policy's payment of claims provision, with the resulting holding that both estates were to share equally in the proceeds of the policy.

Appellants, the co-administrators of Mrs. Gruentzig's estate, contend that the trial court erred in ruling that the proceeds payable on the death of Mrs. Gruentzig should be paid equally to the estate of two of the many "insured persons" under the policy rather than payable entirely to the estate of the "insured person" whose death triggered the insurance company's payment obligation. While we do not necessarily adopt appellants' interpretation of the trial court's ruling, we do agree that the court erred in its ruling on the parties' cross motions for summary judgment. The question before us is purely the proper construction of the phrase, "estate of the insured person," used in the payment of claims provision of the policy.

"[A] contract of insurance should follow the cardinal rule of construction so as to carry out the true intention of the parties, and their rights are to be determined by the terms of the contract. Its language should receive a reasonable construction and not be extended beyond what is fairly within its plain terms. Where the language . . . is unambiguous, as here, and but one reasonable construction is possible, . . . [cit.] [i]t is the function of an appellate court to construe the contract as written. . . . [Cit.]" *Fidelity &c. Co. of Md. v. Sun Life Ins. Co.*, 174 Ga. App. 258 (1) (329 SE2d 517) (1985).

Both Dr. and Mrs. Gruentzig were eligible for coverage under the policy; Dr. Gruentzig as a partner and Mrs. Gruentzig as his spouse. The term "insured person" used throughout the policy is defined to include both the "insured" and the "insured dependent." Its singular reference indicates that where applicable, it refers to either the insured or the insured dependent. In the payment of claims provision and in the context of this case, it is clear that "insured person" is the one "person" who failed to make an effective beneficiary designation and whose death triggered the insurance company's obligation to pay, in this case, Mrs. Gruentzig. The language is clear and unambiguous. Mrs. Gruentzig's estate is entitled to the proceeds in their entirety. *Fidelity,* supra.

It is not reasonable to construe the term, as it is used in this policy, to refer to both Dr. and Mrs. Gruentzig. There is no language in the policy that requires her estate to share the proceeds with any

other estate. It is clear that had Mrs. Gruentzig been the only death, her estate would have received all the proceeds. Dr. Gruentzig, in such an instance, would have no estate. Dr. Gruentzig's status should be irrelevant to the payment of benefits upon the death of Mrs. Gruentzig.

*Judgment reversed. Carley, C. J., and Deen, P. J., concur. Birdsong, J., disqualified.*

DECIDED MARCH 13, 1990.

*Alston & Bird, Jay D. Bennett, Walter G. Elliott II,* for appellants.

*King & Spalding, Ralph A. Pitts, David C. Nutter,* for appellee.